Citation Nr: 1522725 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 12-24 484 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a low back disability.

2. Entitlement to service connection for a left leg disability, to include as secondary to Veteran's low back disability. 


REPRESENTATION

Appellant represented by: Christopher Loiacono, Agent


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

D. A. Hoffman, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1960 to September 1963. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a September 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In March 2015, a Travel Board hearing was held before the undersigned Veterans Law Judge sitting at the RO. A transcript of the testimony is associated with the claims file.

This appeal was processed using the Veteran's electronic VA folders (Virtual and VBMS) paperless claims processing system. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for a low back disability, as well as a left leg disability, to include as secondary to Veteran's low back disability. To establish service connection a Veteran must generally show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

There are private and VA treatment records that note the Veteran currently suffers from degenerative changes to his lumbar spine, chronic back pain, as well as radiculopathy in his legs. To date the Veteran's claims have been denied based on a lack of an in-service incurrence or aggravation of a disease or injury, as well as the lack of a causal relationship between the present disability and the disease or injury incurred or aggravated during service, or nexus.

In March 2015, the Veteran testified before the Board at a hearing held in Waco, Texas. At that hearing the Veteran testified to several hard landings that impacted his back, but focused on one jump, which occurred in 1961, in which his parachute failed to open until he was at tree-top level, causing him to hit the ground very hard, injuring his back, and very nearly biting his tongue off. After that jump the Veteran testified to being on bed rest for thirty days. 

The Veteran's service treatment records do not document treatment for the event the Veteran describes above. Additionally, the Veteran's DD214 does not document him having an airborne badge, or attending airborne school. Further, the Veteran's service personnel records are unavailable, all efforts have been exhausted to find them, and further attempts to find them would be futile. 

Despite this contrary evidence, the Board finds the Veteran's testimony about his airborne infantry service, to include parachuting, competent and credible. In a December 2012 statement the Veteran outlined his course of training upon entering the military, to include dates, activities, and locations. This outline tracks closely with the evidence available in the Veteran's service treatment records and DD214, and the Board finds the Veteran to be a reliable historian. The Board also notes that the Veteran's entry report of medical examination states that he is qualified for airborne infantry, and the Board also takes judicial notice that airborne training did occur at Fort Campbell, Kentucky, during the period of the Veteran's service at Fort Campbell. 

Given that the Board finds the Veteran's testimony regarding serving in an airborne infantry capacity credible, the Board, in this case, concedes that the nature of the stressors associated with being airborne infantry would necessarily result in an in-service incurrence or aggravation of a disease or injury. 

With elements one and two of Shedden established, the only element remaining to be established is the third element, a nexus between elements one and two. A nexus opinion from a medical provider must be supported with adequate rationale. The Veteran has submitted two nexus opinions, one from a Doctor of Osteopathic Medicine which states that it is his medical opinion that it is more likely than not that the Veteran's disc narrowing and degenerative disease was caused by hard landings while parachuting. The second nexus opinion, from a Chiropractic Doctor, states that the Veteran's L1-L2 degeneration and L2 retrolisthesis is consistent with an injury fifteen or more years ago, and that the degeneration seen is not caused by a typical disease of life, but instead is consistent with compression injury as would occur with parachuting. While the Board recognizes these two statements as nexus opinions, the Board does not find them supported by adequate rationale. Specifically, the first opinion is conclusory, not offering any significant rationale, while the second opinion does not opine as to why the Veteran's L1-L2 degeneration and L2 retrolisthesis are not caused by a typical disease of life, or, why they are consistent with parachuting related compression injury. Further, neither opinion, nor the medical records associated with those opinions, offer evidence of a full medical history of the Veteran which would be necessary to make those opinions adequately informed. For these reasons, the Board does not find these nexus opinions supported by adequate rationale. 

The Veteran was not originally afforded a VA examination in connection with his claim for service connection for a low back disability as well as a left leg disability, to include as secondary to Veteran's low back disability. Under McLendon v. Nicholson, 20 Vet. App. 79 (2006), in service connection claims, the VA must provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran's service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the VA to make a decision on the claim. Here, there is evidence of a current disability, evidence that an injury was incurred in service, but the medical evidence is insufficient for the Board to make a decision on the claim. Therefore, an examination is warranted under McLendon. 

The most recent VA treatment records in the virtual claims file are dated March 24, 2010. The Veteran's more recent VA treatment records should be obtained.

Accordingly, the case is REMANDED for the following action:

1. Request any outstanding VA treatment records dated from March 25, 2010, to present.

2. Afford the Veteran a VA medical examination by an appropriate medical provider for the purpose of obtaining an opinion as to the nature and etiology of the Veteran's current low back disability and any associated left leg disability. The claims folder must be made available to the examiner, and the examiner must specify in the examination report that the claims file was reviewed. 

The examiner is asked to provide opinions as to the following:

a. whether it is at least as likely as not (50 percent probability or more) that the Veteran's low back disability is related to service. 

The VA examiner should assume the credibility of the Veteran's testimony regarding his parachuting experience in the Army, and in particular discuss the May 15, 2009, nexus opinion offered by the Chiropractic Doctor, as well as the May 5, 2009, nexus opinion offered by the Doctor of Osteopathic Medicine. Note that the lack of documented treatment in service, while probative, cannot serve as the sole basis for a negative finding. The Veteran is presumed to have had hard parachute landings. 

b. if the back disability is found to be related to service, whether the Veteran has a left leg disability that is either caused by, or aggravated by, his low back disability. 

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

3. Upon completion of the above requested development, conduct any other development that is deemed warranted, to include, if appropriate, the Veteran's claim for service connection for a left leg disability as secondary to a low back disability, and readjudicate the Veteran's claim. If any benefits sought on appeal are denied, the Veteran and his Agent should be provided a supplemental statement of the case and afforded the appropriate opportunity to respond before the case is returned to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Bethany L. Buck
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).